UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

JOHN B. KERN,

Defendant.

JUDGE TORRES

1:18-mc-

18MISC 479

## APPLICATION OF THE SECURITIES AND EXCHANGE COMMISSION
## FOR A JUDGMENT ENFORCING COMPLIANCE WITH COMMISSION ORDER

Petitioner Securities and Exchange Commission (the "Commission") applies to the Court for a judgment pursuant to Section 209(d) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 80b-9(d), enforcing compliance by the Defendant John B. Kern, Esq. ("Kern") with a Commission Order dated June 30, 2014 (the "Commission Order"). Among other things, the Commission Order imposed sanctions for disgorgement in the amount of $234,577, prejudgment interest of $8,920 and a civil penalty of $100,000. Copies of the March 19, 2013, March 7, 2014 and June 30, 2014 orders are attached to the accompanying Declaration of Maureen Peyton King ("King Decl.") as Exhibits 1, 2 and 3.

In support of its Application, the Commission states as follows:

### INTRODUCTION

1. The Commission seeks to enforce the Commission Order, which found that Kern willfully aided and abetted, and caused violations of the anti-fraud provisions of the federal securities laws by making false "lulling" statements to investors to prevent them from discovering a multi-million dollar offering fraud scheme that took place from 2010 – 2012.

2. In relevant part, the Commission Order, entered with Kern's consent, imposed monetary sanctions for disgorgement in the amount of $234,577, prejudgment interest of $8,920 and a civil money penalty of $100,000.

3. Kern has not paid any portion of the monetary sanctions ordered. The Commission therefore seeks a judgment from this Court enforcing the Commission Order against Kern.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under Section 209(d) of the Advisers Act, 15 U.S.C. § 80b-9(d).

5. Venue lies in the Southern District of New York in that offers or sales took place within the Southern District of New York pursuant to Section 214 of the Advisers Act, 15 U.S.C. § 80b–14.

## PARTIES

6. **The Commission** is an agency of the United States government. The Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549. The Commission's New York Regional Office is located at 200 Vesey Street, Suite 400, New York, New York 10281-1022.

7. **Kern**, age 53, resides in Charleston County, South Carolina. Kern was, among other roles, general counsel to Ventures Trust II LLC ("Ventures II") and Face Off Acquisitions, LLC ("Face Off Acquisitions"), and associated with the investment advisers to those and other funds. Kern represented Ventures II during the period of the securities violations that form the basis of this matter. King Decl. (Ex 2).

8. On March 7, 2014, the Commission found that Kern willfully aided and abetted, and caused violations of Sections 206(1), 206(2) and 206(4) of the Advisers Act, 15 U.S.C. §§ 80b-6(1), 80b-6(2) and 80b-6(4), and Rule 206(4)-8 thereunder, 17 CFR § 275.206(4)-8. The Commission barred Kern from association with multiple segments of the securities industry, barred him from appearing before the Commission as an attorney, and imposed sanctions for disgorgement in the amount of $234,577, prejudgment interest of $8,920 and a third-tier civil penalty of $100,000. *In re Craig Berkman, d/b/a Ventures Trust LLC, et al.*, Exchange Act Release No. 71667, Investment Advisers Act Release No. 3788, Investment Company Act Release No. 30977, Administrative Proceeding File No. 3-15429, 2014 WL 896752 (March 7, 2014) (attached as Exhibit 2 to the King Decl.).

## FACTS

**A. The Underlying Offering Fraud Scheme.**

9. According to the SEC's Order, from approximately October 2010 through September 2012, Craig Berkman ("Berkman") fraudulently raised at least $13.2 million from approximately 120 investors by selling membership interests in limited liability companies ("LLCs") that Berkman controlled, including Face Off Acquisitions, Assensus Capital, LLC and several LLCs with the words "Ventures Trust" in their names. Further, Berkman made material misrepresentations he knew were false to investors in three different sets of offerings. Instead of using the investor funds to acquire pre-IPO shares or fund technology ventures, Berkman misappropriated most of the offering proceeds.

10. To aid and abet the fraud, Kern, a lawyer and general counsel to Ventures II and FaceOff Acquisitions, made certain material misstatements to investors and others that he knew or recklessly disregarded were false and misleading.

### B. The Commission's Action Against Kern.

11. On March 19, 2013, the Commission instituted administrative proceedings against Kern and others. On March 7, 2014, Kern, without admitting or denying the Commission's findings, except as to the Commission's jurisdiction and the subject matter of the proceedings, consented to the entry of an order that included a monetary component (the "Initial Decision"). Kern agreed to pay disgorgement of $234,577, prejudgment interest of $8,920 and a civil money penalty of $100,000, subject to a determination about Kern's ability to pay these amounts pursuant to additional proceedings under Rule 630 of the SEC Rules of Practice, 17 C.F.R. § 201.630. *Id.* at P. 17 (Section V.D.)).

12. The Initial Decision became final on June 30, 2014. *In re John B. Kern*, Securities Act Release No. 9607, Exchange Act Release No. 72500, Investment Advisers Act Release No. 3865, Investment Company Act Release No. 31139, Administrative Proceeding File No. 3-15249, 2014 WL 2941437 (June 30, 2014). King Decl. Ex. 3.

13. Kern has failed to pay any portion of the disgorgement, prejudgment interest or civil penalties ordered by the Commission. These amounts remain due and are accruing interest pursuant to 17 C.F.R. § 201.600 and 31 U.S.C. § 3717. The Commission brings this proceeding asking this Court to enter a judgment enforcing Commission Order.

### CLAIM FOR RELIEF.

14. Kern's monetary sanctions were issued pursuant to Section 203(k) of the Advisers Act, 15 U.S.C. § 80b-3(k). Section 209(d) of the Advisers Act, 15 U.S.C. § 80b-9(d), allows the Commission to apply to the Court for a judgment enforcing compliance with the Commission Order.

15. Section 209(d) of the Advisers Act, 15 U.S.C. § 80b-9(d), provides:

> Whenever it shall appear to the Commission that any person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any…order hereunder,…it may…bring an action in the proper district court of the United States…to enforce compliance with this title or any rule, regulation, or order hereunder[.]

16. By failing to make any payments to the Commission, Kern is in violation of those provisions.

17. Proceedings to enforce a Commission order are ordinarily brought as summary proceedings, rather than as formal civil actions. *SEC v. McCarthy*, 322 F.3d 650, 659 (9th Cir. 2003). "[S]ummary proceedings may be conducted without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even *ex parte*." *Id.* Summary proceedings are usually commenced by service of an order to show cause, the application and supporting documents. *SEC v. Gerasimowicz*, 9 F. Supp.3d 378, 381 (S.D.N.Y. 2014).

18. Kern may not challenge the validity of the Commission Order now. *Gerasimowicz* at 381; *SEC v. Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006). To challenge Commission orders, Kern would have had to appeal to the Court of Appeals within 60 days of the entry of the order. *See* Section 209(d) of the Advisers Act, 15 U.S.C. § 80b-9(d). *See also Altman v. SEC*, 768 F. Supp. 2d 554, 558 (S.D.N.Y. 2011) *aff'd Altman v. SEC*, 687 F.3d 44 (2d Cir. 2012). Kern did appeal but his appeal was not timely and therefore his petition was dismissed for lack of appellate jurisdiction. *Kern v. SEC*, 2018 WL 2434445 (Tenth Cir. 2018). As the Commission Order became final on June 30, 2014 and no timely appeal of it was taken, Kern's time to challenge the validity of the Commission Order expired. King Decl. Ex. 3.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests:

I.

That the Court enter an Order directing the Defendant to show cause why this Court should not enter judgment enforcing Defendant's compliance with the Commission Order and Finality Order.

II.

That the Court enter an order enforcing the Commission Order and Finality Order, and require that Kern pay disgorgement in the amount of $234,577, prejudgment interest of $8,920 and a civil penalty of $100,000, together with interest pursuant to pursuant to 17 C.F.R. § 201.600 and 31 U.S.C. § 3717.

III.

That the Court order such relief as may be necessary for the enforcement of any order of this Court as to disgorgement and prejudgment interest by civil contempt and/or other collection procedures authorized by law, including enforcement through the Federal Rules of Civil Procedure and relevant provisions of the Code of Laws of New York.

IV.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq.

V.

That the Court retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

## VI.

That the Court order such other and further relief as may be just and proper.

Dated:   New York, New York
         October 18, 2018

_____
Marc P. Berger

Of Counsel:                     Maureen Peyton King
Sanjay Wadhwa                   Attorneys for Petitioner
Judith Weinstock                SECURITIES AND EXCHANGE COMMISSION
                                New York Regional Office
                                200 Vesey Street, Suite 400
                                New York, NY 10281-1022
                                Tel.:       212-336-0111 (King)
                                E-mail:     kingmp@sec.gov