UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

-against-

JOHN B. KERN,

Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    4/30/2019

18 Misc. 479 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On October 18, 2018, the Securities and Exchange Commission (the "SEC") filed an application for a judgment enforcing an SEC order against Defendant dated June 30, 2014 (the "SEC Order"). ECF No. 1. That same day, the Court ordered Defendant, John B. Kern, to show cause why the SEC Order should not be enforced and directed the SEC to serve the show cause order and the underlying papers upon Defendant. ECF No. 10. On October 25, 2018, the SEC informed the Court that it had been unable to locate Defendant or serve him. ECF No. 6. On November 29, 2018, the SEC informed the Court that it was still unable to locate Defendant, but stated that "[u]pon information and belief, Mr. Kern may be residing in San Marino." ECF No. 9 at 1.

On December 21, 2018, the SEC moved for an order permitting it to use alternative means of service of process. ECF No. 13. In its motion, the SEC states that "the Commission has not located Kern in the United States nor determined definitively whether he is abroad. Thus, either FRCP 4(e) [which applies to individuals within the United States] or 4(f) [which applies to individuals outside the United States] may apply." *Id.* at 6. The SEC noted that "if Kern is in San Marino, only formal service [pursuant to the Hague Convention] is permitted—alternative means are not." *Id.* at 7 n.9.

In an order dated February 26, 2019 (the "Service Order"), the Court granted the SEC's motion to serve a show cause order upon Defendant by alternative service (via mail to four physical addresses and email to two email addresses), and also held that "[t]he SEC is directed to serve Defendant via the Hague Convention, if he is in San Marino." Service Order, ECF No. 15 at 3. The Court noted that "[i]f the SEC establishes that Defendant is not in San Marino, however, such service will be unnecessary." *Id.* On March 13, 2019, the Court issued a revised show cause order to be served by the SEC upon Defendant (the "Show Cause Order"). ECF No. 19.

On April 18, 2019, the SEC filed a letter stating that it retained a company "to confirm Mr. Kern's address in San Marino," but that the company "did not locate Mr. Kern and found no evidence that Mr. Kern used that address." ECF No. 20 at 1. The SEC stated that "[b]ased on these efforts, [the SEC] can no longer conclude that Mr. Kern resides in San Marino." *Id.* It further stated that the company it retained indicated "that there is no public record of Mr. Kern currently or previously being recorded as a resident of San Marino." *Id.* at 2. The SEC also noted that its packages had been returned from three of the four physical addresses, but not from 13608

N. Prince Street, Ste. C-202, Clovis, NM 88101 (the "Clovis Address"), and that it had received a bounce-back from one of the email addresses but not from kern@jbkinternational.com. *Id.* at 1.

The SEC, therefore, requests permission to serve the Show Cause Order upon Defendant via mail to the Clovis Address and via email to kern@jbkinternational.com, and for the Court to deem this adequate service. *Id.* at 2. Based upon the SEC's representations that it now has no reason to believe Defendant lives in San Marino (or ever did), and for the reasons set forth in the Service Order, the SEC's request is GRANTED.

SO ORDERED.

Dated: April 30, 2019
New York, New York

_____
ANALISA TORRES
United States District Judge